UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PRAIRIE BAND POTAWATOMI NATION, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT F. KENNEDY, JR., in his official capacity as Secretary, United States Department of Health and Human Services; <br><br> DOUGLAS BURGUM, in his official capacity as Secretary, United States Department of the Interior; <br><br> P. BENJAMIN SMITH, in his official capacity as Acting Director, Indian Health Service; and <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 5:24-cv-04083 |

**Joint Motion for Entry of Protective Order**

The Plaintiff Prairie Band Potawatomi Nation and Defendants, Robert F. Kennedy Jr., in his official capacity as Secretary, United States Department of Health and Human Services; Douglas Burgum, in his official capacity as Secretary, United States Department of the Interior; P. Benjamin Smith, in his official capacity as Acting Director, Indian Health Service; and the United States (collectively referred to as "Defendants") jointly request the Court enter of a protective order to protect confidential information and to permit the production of documents covered by the Privacy Act of 1974, Title 5 United States Code, Section 552a, and to permit the production of otherwise confidential materials. In support of this motion, the parties state:

1

1. **Privacy Act concerns.**

    The parties seek discovery of certain records, as defined in the Privacy Act at 5 U.S.C. § 552a(a)(4), that are in the possession, custody, and control of the Department of Health and Human Services and the Department of Interior that are or may be deemed private and confidential under the Privacy Act. Those records are subject to the restrictions of the Privacy Act because they are included in a system of records from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual. 5 U.S.C. § 552a(a)(5), (b).

2. **A protective order is appropriate in this case.**

    As discussed above, a protective order authorizing production of and protecting documents produced by the Defendant that are covered by the Privacy Act is necessary before Defendant may provide Plaintiffs covered information in this case. 5 U.S.C. § 552a(b)(11). Additionally, the Court is authorized to enter a protective order covering a person's private information that may cause embarrassment under Fed.R.Civ.P. 26(b)(1). The protective order sought by the parties does not seek improper or excessive use of a confidentiality order, and seeks only to afford some protection to documents covered by federal law and documents the government deems confidential.

## Conclusion

Accordingly, for the reasons discussed above, the parties jointly move the Court to enter a protective order.

3

DATED this 5th day of August, 2005.	Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

s/ Wendy A. Lynn
WENDY A. LYNN
KS S. Ct. No. 23594
Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101
Tel. 913-551-6737
Email: wendy.lynn@usdoj.gov

COUNSEL FOR THE DEFENDANTS


PEEBLES BERGIN SCHULTE & ROBINSON LLP

/s/ William Blake Follis
WM. BLAKE FOLLIS
KS Bar #26011
D. Kan. #78688
825 S Kansas Ave., Ste. 515
Topeka, KS 66612
P: (918) 724-2335
F: (916) 441-2067
bfollis@ndnlaw.com

COUNSEL FOR PLAINTIFF

## Certificate of Service

I hereby certify that on the 5th day of August, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

WENDY A. LYNN
KS S. Ct. No. 23594
Assistant U.S. Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101
Email: wendy.lynn@usdoj.gov

                                            /s/ William Blake Follis
                                            WM. BLAKE FOLLIS
                                            KS Bar #26011